UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE R. WATSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                        /

Case No. 5:06-CV-153
Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

        Plaintiff was born on May 28, 1957 and attended school through 10th grade (AR 64, 95).[1] Plaintiff alleges that she had been disabled since November 1, 2001 (AR 64). She had previous employment as a bartender, waitress, assistant manager and manager at the American Legion (AR 102). She identified her disabling conditions as a back problem, depression, daily headaches, numbness and tingling in her extremities and memory problems (AR 89).

        Plaintiff filed her applications for DIB and SSI on July 31, 2002 (AR 15). The applications were denied initially and, after a hearing, denied by an Administrative Law Judge (ALJ) in a decision entered April 22, 2005 (AR 15). The Appeals Council granted plaintiff's request for review, vacated the decision and remanded for further proceedings (AR 15). At a second hearing,

---

[1] Citations to the administrative record will be referenced as (AR "page #").

an ALJ reviewed plaintiff's claims *de novo* and entered a decision denying the claims on June 26, 2006 (AR 15-22). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful

2

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). *See Brooks v. Sullivan*, No. 90-5947, 1991 WL 158744 at *2 (6th Cir. Aug. 14,1991) ("[t]o establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits . . . or that he became disabled prior to the Secretary's issuing of the final decision on this claim . . . 20 C.F.R. §§ 416.335, 416.330").

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff "has not engaged in substantial gainful activity at any time relevant to this decision" (AR 17). Second, the ALJ found that plaintiff had severe impairments of "degenerative disc disease of the lumbar and cervical spine; depression; fibromyalgia; and carpal tunnel syndrome" (AR 17). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to lift a maximum of 20 pounds occasionally, and 10 pounds frequently. She can stand and walk for two to four hours of an eight-hour shift and sit for at least six hours of an eight-hour shift. She can do no prolonged walking for more than 60 minutes at a time. She must have the option to sit/stand at will. She is unable [sic] crawl and can only occasionally bend, twist, or turn at the waist or the neck; or push or pull with the upper extremities. She cannot reach overhead with either upper

>   extremity. She is able to perform frequent but not constant handling or fingering with both hands. She must avoid concentrated exposure to extreme heat, extreme cold, and wetness. She should never use air pneumatic, torque, or power tools; and can only occasionally work with dangerous or unprotected machinery, or at unprotected heights. The claimant is limited to simple, unskilled work with an [sic] Specified Vocational Preparation (SVP) rating of 1 or 2. She is further limited to work that requires only minimal contact with co-workers; routine work that does not require frequent significant changes or adaptations; work that does not require taking the initiative or making independent decisions; and work that does not involve production quotas or goals or keeping pace with co-workers. She cannot perform work that requires travel to unfamiliar places or use of public transportation.

(AR 19).

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that plaintiff's statements regarding the intensity, duration and limiting effects of her symptoms were not entirely credible (AR 18). The ALJ further found that plaintiff was unable to perform any of her past relevant work (AR 20).

At the fifth step, the ALJ found that plaintiff could perform a number of light and sedentary exertional level jobs in the State of Michigan, including general office clerk (light - 4550 jobs); office machine operator (light - 450 jobs); general office clerk (sedentary - 9475 jobs); records clerk (sedentary - 2140 jobs); and surveillance system monitor (sedentary - 1250 jobs) (AR 21). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 21-22).

### III. ANALYSIS

#### A. Plaintiff's issue for review

In this district, plaintiffs in Social Security appeals are required to provide a statement of errors, so that the court can address the specific matters at issue between the parties. Plaintiff's

5

counsel did not comply with the requirements of the court's order directing filing of briefs, which ordered him to enumerate specific issues on appeal to this court, i.e.,

> Plaintiff's initial brief must contain a Statement of Errors, identifying and numbering each specific error of fact or law upon which plaintiff seeks reversal or remand.

*See* docket no. 8.  Rather, plaintiff set forth a single generic argument:

> There is no substantial evidence to support the decision of the Commissioner that the claimant has residual skills and capabilities to perform substantial gainful activity.

Plaintiff's Brief at 4.

Because plaintiff failed to enumerate the claims as directed, the court must frame the specific error of fact or law upon which plaintiff seeks reversal or remand.  After reviewing plaintiff's brief, the court concludes that this appeal is limited to one issue:

> The ALJ improperly discounted the opinions of plaintiff's treating psychiatrist and a therapist (R.N.), who opined that she was markedly limited in the ability to understand and remember detailed instructions, markedly limited in the ability to maintain attention and concentration for extended periods or carry out detailed instructions.

While plaintiff may have raised other cryptic arguments in her brief, the court deems these other arguments as waived.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones").

**B.     Discussion**

Plaintiff relies on certain opinions expressed in a "mental residual functional capacity assessment" dated January 13, 2006 (the "2006 RFC assessment") (AR 278-80).[2] In this document, Sue Michalowski (referred to as both an R.N. and an N.P.) and Elizabeth Cox, M.D., indicated three areas in which plaintiff was "markedly limited": the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; and the ability to maintain attention and concentration for extended periods (AR 278). The administrative record included medical records from Psychiatric Associates of Ingham (AR 205-14, 257-65, 278, 280, 417-21), which indicated that plaintiff saw Nurse Michalowski on several occasions from February 2003 through January 2006.[3] However, the record does not reflect any interaction between plaintiff and Dr. Cox (AR 205-14, 257-65, 278, 280, 417-21).

The ALJ determined plaintiff's mental impairments based upon the August 15, 2005 psychological evaluation of examining psychologist J. Keith Ostien, Ph. D. and a mental residual functional capacity assessment performed by a non-examining psychologist in October 2002 (AR 19-20, 170-87, 284-87). The ALJ's decision did not address plaintiff's treatment with Nurse Michalowski or the 2006 RFC assessment. Plaintiff contends that the ALJ should have given the 2006 RFC assessment controlling weight, because it was prepared by her treating psychiatrist and therapist.

---

[2] The administrative record is missing page 279, which appears to be part of the 2006 RFC assessment. Neither party provided a copy of the missing page or explained its absence. Accordingly, the court, like the parties, will treat the missing page as not relevant to this matter.

[3] The exact dates are illegible on some of the records.

7

A plaintiff's treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). However, an ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). But the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

### 1. Dr. Cox

The Commissioner needs "evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s)." 20 C.F.R. § 404.1513(a). "Acceptable medical sources" are defined as licensed physicians, licensed or certified psychologists, licensed

optometrists, licensed podiatrists and qualified speech-language pathologists. 20 C.F.R. § 404.1513(a)(1)- (5). The opinion of a "treating source" is given more weight (indeed sometimes controlling weight) over the opinion of a consultative examiner. *See* 20 C.F.R. § 404.1527(d)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

The court agrees with defendant that while Dr. Cox signed off on the 2006 RFC assessment, "it is a stretch to label Dr. Cox as a treating physician." The record does not indicate that plaintiff received treatment under the supervision of Dr. Cox or that she was ever seen by the doctor. Under these circumstances, Dr. Cox was not a "treating source" under the regulations, and her opinions expressed in the 2006 RFC assessment are not entitled to controlling weight.

### 2. Nurse Michalowski

Nurse Michalowski is not an "acceptable medical source" under 20 C.F.R. § 404.1513(a). While her opinion can be considered as evidence from an "other source," it is not entitled the weight given to the opinion of a doctor. *See* 20 C.F.R. §404.1513(d)(1) (medical sources not listed in § 1513(a), such as nurse practitioners, physicians' assistants, naturopaths, chiropractors,

audiologists and therapists are considered to be "other sources" rather than "acceptable medical sources").  As the Sixth Circuit explained in *Walters*, the opinions of these "other" sources are not entitled to controlling weight:

> [L]ogic and the plain language of the regulations suggest that a treating source under 20 C.F.R. § 404.1527(d)(2) must be a medical source and that a chiropractor is not a medical source. The controlling weight provision is found under a section heading that refers specifically to medical opinions, and in the regulations chiropractor opinions are not listed as one of the five types of "acceptable medical sources" but are instead listed under the separate heading of "other [non-medical] sources." Compare 20 C.F.R. § 404.1513(a) (1997) with 20 C.F.R. § 404.1513(e) (1997). We, therefore, must agree with the Second Circuit's conclusion that under the current regulations, the ALJ has the discretion to determine the appropriate weight to accord a chiropractor's opinion based on all evidence in the record since a chiropractor is not a medical source.

*Walters*,  127 F.3d at 530.  *See, e.g., Nierzwick v. Commissioner of Social Security*, No. 00-1575, 2001 WL 303522 at * 4 (6th Cir. March 19, 2001) (physical therapist's report not afforded significant weight because the therapist is not recognized as an acceptable medical source); *Hartranft v. Apfel*, 181 F.3d 358, 361 (3rd Cir. 1999) (a chiropractor's opinion is not "an acceptable medical source" entitled to controlling weight).

Nevertheless, I believe that the ALJ's decision should be remanded to evaluate Nurse Michalowski's treatment and opinions pursuant to a recently enacted Social Security Ruling (SSR). On August 9, 2006, the Commisioner adopted SSR 06-03p.[4]  In adopting this SSR, the Commissioner acknowledged that with the growth of managed health care in recent years, nurse practitioners have increasingly assumed a greater percentage of treatment and evaluation functions previously handled primarily by physicians and psychologists.  SSR 06-03p (Aug. 9, 2006).  The Commissioner recognized that opinions from other medical sources, such as nurse practitioners, "are

---

[4] SSR 06-03p became effective on August 9, 2006, when it was published in the Federal Register. *See* SSR 06-03p, 2006 WL 2329939 (S.S.A.); 71 FR 45593-03, 2006 WL 2263437 (F.R.) (Aug. 9, 2006).

10

important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." *Id.* Although SSR 06-03p was adopted after the ALJ's decision, it applies in this case because the ALJ's decision did not become final until after the Commissioner adopted the ruling.[5]

The ALJ's failure to address Nurse Michalowski's opinion and her on-going treatment of plaintiff's mental condition amounted to error under SSR 06-03p. The Appeals Council vacated the earlier ALJ's decision, in part, because "the claimant's mental residual functional capacity is unclear" (AR 61). On remand, the ALJ was directed to obtain updated medical records and, if necessary, a mental status examination (AR 62). Dr. Ostien's post-remand psychological evaluation specifically referenced plaintiff's "outpatient psychiatric care through Psychiatric Associates of Ingham" and included a prognosis that plaintiff "is in need of continued psychiatric care" (AR 284-87). Given this prognosis, the ALJ should have considered Nurse Michalowski's treatment and opinions in determining the severity and functional effects of plaintiff's mental impairment.

---

[5] The court does not fault the the ALJ for failing to consider SSR 06-03p. The SSR was not in effect when he entered the decision on June 26, 2006, but was adopted while the decision was pending before the Appeals Council. The ALJ's decision became final on September 28, 2006, following the Appeals Council's denial of the request for review. *See Sims v. Apfel,* 530 U.S. 103, 106-07 (2000) (AR 7). If the ALJ's decision had become a final decision prior to August 9, 2006, then SSR 06-03p would not apply. *See Cruse v. Commissioner of Social Security*, -- F.3d --, 2007 WL 2752888 at *8 (6th Cir. 2007) ("Following SSR 06-03P, the ALJ should have discussed the factors relating to his treatment of [the nurse practitioner's] assessment, so as to have provided some basis for why he was rejecting the opinion. However, SSR 06-03P was not implemented until August 9, 2006, after the Administration had issued its December 4, 2004 final decision through the Appeals Council. . . Neither in the text of SSR 06-03P nor elsewhere can we identify any intent on the part of the Administration to apply SSR 06-03P to appeals pending in the federal courts as of August 9, 2006, and we therefore decline to require that it be applied in this case.").

**IV.     Recommendation**

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to evaluate plaintiff's psychiatric treatment at Psychiatric Associates of Ingham and Nurse Michalowski's opinions pursuant to SSR 06-03p.


Dated:  November 7, 2007                              /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).